FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 1 8 2023

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-CR-80-TOR |
| Plaintiff, | 2:17-CR-229-TOR-1 |
| v. | Plea Agreement |
| DANNIE PAUL BOWLING, III, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, and Defendant Dannie Paul Bowling, III, ("Defendant"), both individually and by and through Defendant's counsel, Deputy Federal Defender Lorinda Youngcourt, agree to the following Plea Agreement.

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 2 of the Indictment filed on July 6, 2022, which charges Defendant with Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a),(e), a Class B felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

| | a. | a term of imprisonment of not less than 15, but no more than 30, years; |
| | b. | a term of supervised release of not less than 5 years, up to a lifetime; |
| | c. | a fine of up to $250,000; and |
| | d. | a $100 special penalty assessment. |

2.  <u>Supervised Release</u>

Defendant is currently on supervised release in Case No. 2:17-229-TOR-1. As a term and condition of the Plea Agreement, Defendant agrees to admit pending violations 3-11 alleged in that case, set forth in petitions dated November 10, 2021, March 10. 2022, March 31, 2022, and May 27, 2022.

Defendant understands that an additional, separate term of supervised release must be imposed in this case. Defendant further understands that if he violates any condition of supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

| | a. | 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony, |
| | b. | 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or |
| | c. | 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony. |

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

PLEA AGREEMENT - 2

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.      removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.      no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.      Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.      the right to a jury trial;

b.      the right to see, hear and question the witnesses;

c.      the right to remain silent at trial;

d.      the right to testify at trial; and

e.      the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

PLEA AGREEMENT - 4

6.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), the United States would have to prove the following beyond a reasonable doubt.

      a.    *First*, at the time of the offense, Minor Victim 1 was under the age of 18.

      a.    *Second*, between on or about June 1, 2021, and on or about April 26, 2022, within the Eastern District of Washington, Defendant knowingly employed, used, persuaded, induced, enticed, or coerced Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and

      b.    Third, the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer or cell phone.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about April 26, 2022, a private party contacted United States Probation Officer (PO) Lori Cross to report inappropriate sexual conduct between Defendant and Minor Victim 1 (MV1). The private party had viewed images on

PLEA AGREEMENT - 5

Defendant's phone that she believed were of MV1 nude, and when the private
party spoke with MV1, MV1 told her that Defendant had made sexual videos with
her and posted them online to make money. PO Cross contacted Homeland
Security Investigations (HSI) for assistance, and, with HSI special agents, met with
the private party at Defendant's Spokane residence, within the Eastern District of
Washington.

The private party showed PO Cross and HSI agents an image of suspected
child exploitation material on Defendant's cellular phone and turned over to SA
Chace Defendant's phone, a Samsung Galaxy ASI 5G, a box of five other devices,
and surveillance cameras the private party found hidden in Defendant's home,
including in the bathroom and Defendant's bedroom. Pursuant to a federal search
warrant, SA Chace forensically reviewed Defendant's phone and observed
multiple images of a minor female later identified as MV1 by MV1, in various
stages of undress, including images of her exposed breasts and genitalia. Time
stamps on some of some of the photos indicate Defendant took screenshots from
hidden surveillance camera footage. SA Chace additionally observed a file
depicting Defendant performing oral sex on a minor female, again later identified
as MV1. The cellular device also contained evidence of financial transactions
conducted via mobile applications including "Cash App" and "Venmo."
Additional hidden camera footage of MV1 in the bathroom was subsequently
located in Defendant's Google Drive pursuant to an additional federal search
warrant.

Minor Victim 1 moved into Defendant's Spokane residence the summer of
2021, when she was 15 years old. She disclosed in a forensic interview on May
13, 2022, that Defendant thereafter paid her for photographs of her nude, which
Defendant told her he could sell to other people. The amounts Defendant paid
MV1 varied; the first time Defendant paid her $1,000, and subsequent payments
were approximately $80-100. At times, MV1 was required to prove she was a

"real person" by holding a sign with the buyer's name on it in a picture. Defendant then wanted to make videos with MV1. After receiving a request for a five-minute massage video, Defendant recorded a video of MV1 lying unclothed on her stomach while he massaged her with lotion. Another video depicted Defendant performing oral sex on MV1 on a bed. MV1 did not know about the hidden cameras in Defendant's apartment until after they had been found by the private party. MV1 identified herself in hidden camera footage stored on Defendant's phone, including depictions of her unclothed in the bathroom and on Defendant's bed.

Defendant knowingly employed, used, persuaded, induced, and enticed Minor Victim 1, at the age of 15, to take part in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, as set forth below. Defendant acknowledges that by using MV1 in this manner and for this purpose, with a digital device that was not produced entirely within the State of Washington, Defendant violated 18 U.S.C. § 2251.

Defendant acknowledges that the digital devices he used to violate 18 U.S.C. § 2251 were manufactured outside the United States in whole or in part. Defendant acknowledges that images captured by and recorded on the devices were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 1 of the Indictment filed on July 6, 2022, which charges Defendant with Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2).

PLEA AGREEMENT - 7

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement.

9.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and Defendant agree that the base offense level for Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (2) is 32. U.S.S.G. § 2G1.3(a)(3).

b.    Special Offense Characteristics

The United States and Defendant agree to the following offense level and enhancement calculations:

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child pornography production | 32 | U.S.S.G. § 2G2.1(a) |
| Victim between 12-16 years old | +2 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Parent/relative/legal guardian/care/custody/supervisory control of victim | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Total | 38 | |

Defendant understands that the United States may argue in support of an enhancement pursuant to U.S.S.G. § 2G2.1(b)(3), which applies when the offense involves distribution of child pornography. Defendant is free to oppose such enhancement.

PLEA AGREEMENT - 8

      c.    <u>Acceptance of Responsibility</u>

If Defendant clearly accepts responsibility for the offense, including all relevant conduct, Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) Defendant qualifies for a decrease under §3E1.1(a); (2) the offense is level 16 or greater; (3) Defendant has timely notified authorities of Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently; 4) Defendant enters a guilty plea at the first available court hearing after this agreement was extended to Defendant; and 5) Defendant provides complete and accurate information during the sentencing process, including but not limited to financial information being sought by the Court, United States Probation, and the United States Attorney's Office. If, before sentence is imposed, Defendant fails to meet the criteria set out in U.S.S.G. §3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

Defendant and the United States agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

      d.    <u>Repeat and Dangerous Sex Offender Against Minors</u>

The United States and Defendant agree that Defendant's instant offense of conviction is a covered sex crime[1] and that Defendant engaged in a pattern of

---

[1] A "covered sex crime" is (A) an offense, perpetrated against a minor, under chapters 109A, 110, or 117 of Title 18, United States Code (excluding trafficking in, receipt of, or possession of child pornography, or a recordkeeping offense), or

PLEA AGREEMENT - 9

activity involving prohibited sexual conduct.[2]  Therefore, Defendant's offense level shall be further adjusted according to USSG §4B1.5(b).

    e.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.  Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    f.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10.    Incarceration

The United States and Defendant will make a joint recommendation of a term of incarceration of 15 years in Case No. 2:22-CR-80-TOR, followed by a consecutive two-year term in Case NO. 2:17-CR-229-TOR-1.

11.    Supervised Release

The United States and Defendant will each recommend a term of supervised release within the statutory range of five years to life; the parties have not agreed to a joint recommendation.  Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by

---

18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any of these (non-excluded) offenses.  USSG §4B1.5 n.2.

[2] "Prohibited sexual conduct" includes "production of child pornography."  §4B1.5 n.4(A)

PLEA AGREEMENT - 10

the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a. Defendant shall not have any contact with any child under the age of 18 outside the immediate presence of an adult and approved in advance by the Probation Officer. Defendant shall not have any contact or communications of any kind with any child via telephone, the Internet, or any social media platform. Defendant shall immediately report to the Probation Officer any unauthorized contact with anyone under 18 years old.

b. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The

PLEA AGREEMENT - 11

Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition when reasonable suspicion exists that Defendant has violated a condition of supervision and that the accounts to be searched contain evidence of this violation.

d.   Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer with the ability to access to the Internet, and any personal computing device with the ability to access the Internet that Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. Defendant shall not possess or use any data encryption technique or program. Defendant shall purchase and use such hardware and software systems that monitor Defendant's usage of any computer that has the ability to access the Internet, as directed by the Probation Officer.

e.   Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

f.   Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). Defendant shall not enter or be present at any

PLEA AGREEMENT - 12

establishment involved in the sex industry, including adult book stores, massage parlors, escort services, or strip clubs.

Defendant shall not use any sex-related adult telephone number, Internet access, or social media platform. Defendant shall provide to the Probation Officer all of Defendant's telephone and Internet records to monitor compliance, at the direction of the Probation Officer.

g.    Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is attending school. Defendant shall provide verification of compliance with this requirement to the Probation Officer.

h.    Defendant shall complete a sex offender evaluation, which may include periodic psychological and polygraph testing, at the direction of the Probation Officer.

i.    Defendant shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

Defendant agrees that Defendant will not seek to modify or terminate any of the agreed-upon conditions set forth herein without first obtaining agreement to the modification or termination by the United States.

12.    Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if

PLEA AGREEMENT - 13

Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- a Samsung Galaxy A5, 5G IMEI 359419580391406;
- LG V20 Cellular Device;

- a red and gray SanDisk Ultra 64 Gigabyte micro SD Card;

- a Samsung 256 EVO+ Micro SD card;

- an Android 8 Tablet;

- a Computer hard drive; and,

- a white multi-outlet with a pinhole camera and two USB chargers.

Defendant stipulates that Defendant is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense to which Defendant is pleading guilty.

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

PLEA AGREEMENT - 14

1    Defendant waives further notice of any federal, state or local proceedings

2  involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in

3  this Plea Agreement.

4    Defendant waives all constitutional, equitable and statutory challenges in

5  any manner (including direct appeal, habeas corpus, or any other means) to any

6  forfeiture carried out in accordance with this Plea Agreement on any grounds,

7  including that the forfeiture constitutes an excessive fine or punishment.

8    Defendant knowingly and voluntarily waives Defendant's right to a jury trial

9  on the forfeiture of these assets.

10    Defendant waives oral pronouncement of forfeiture at the time of

11  sentencing, and any defects that may pertain to forfeiture.

12    14.    Mandatory Special Penalty Assessment

13    Defendant agrees to pay the $100 mandatory special penalty assessment to

14  the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. §

15  3013.

16    Defendant agrees that, pursuant to the JVTA, the Court shall impose an

17  additional mandatory special assessment of $5,000, absent a judicial finding of

18  indigence.

19    Defendant agrees that, pursuant to the AVAA, the Court shall also impose,

20  in addition to any other criminal penalty, restitution, or special assessment

21  authorized by law, an additional assessment of up to $50,000, as set forth in 18

22  U.S.C. § 2259A.  Defendant also understands and agrees that pursuant to 18 U.S.C.

23  § 2259A(c), in determining the amount of the AVAA assessment, the Court shall

24  consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

25    Neither party may withdraw from the Plea Agreement based on the ultimate

26  special penalty assessment(s) imposed.

27

28

PLEA AGREEMENT - 15

15.  <u>Notice of Sex Offender Registration:</u>

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject  to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements.  Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of Defendant's release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release.

16.   <u>Restitution</u>

The United States and Defendant agree that restitution is required.  18 U.S.C. §§ 2259, 3663, 3663A, 3664.  Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims.  *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of child pornography that Defendant distributed, transported, received, and/or possessed, as set forth in the discovery in this case, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim.  The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

With respect to restitution, the United States and Defendant agree to the following:

a.   <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an

PLEA AGREEMENT - 17

amount to be determined at or before sentencing, but which is not less than $3,000 per victim.  The interest on this restitution amount should be waived.  Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

   b. <u>Payments</u>

  The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances.  18 U.S.C. § 3664(f)(2), (3)(A).  Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

   a. <u>Treasury Offset Program and Collection</u>

  Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.  If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.  26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

  Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

  Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

  Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

  Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's

PLEA AGREEMENT - 18

1 Office to access records to verify the financial information.

2          b.    <u>Notifications and Waivers</u>

3          Defendant agrees to notify the Court and the United States of any material

4 change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

5 changed employment, or income increases) that might affect Defendant's ability to

6 pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United

7 States of any address change within 30 days of that change. 18 U.S.C.

8 § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution

9 obligations are paid in full.

10          Defendant acknowledges that the Court's decision regarding restitution is

11 final and non-appealable; that is, even if Defendant is unhappy with the amount of

12 restitution ordered by the Court, that will not be a basis for Defendant to withdraw

13 Defendant's guilty plea, withdraw from this Plea Agreement, or appeal

14 Defendant's conviction, sentence, or restitution order.

15          17.    <u>Payments While Incarcerated</u>

16          If Defendant lacks the financial resources to pay the monetary obligations

17 imposed by the Court, Defendant agrees to earn money toward these obligations by

18 participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

19          18.    <u>Additional Violations of Law Can Void Plea Agreement</u>

20          The United States and Defendant agree that the United States may, at its

21 option and upon written notice to the Defendant, withdraw from this Plea

22 Agreement or modify its sentencing recommendation if, prior to the imposition of

23 sentence, Defendant is charged with or convicted of any criminal offense or tests

24 positive for any controlled substance.

25          19.    <u>Waiver of Appeal Rights and Collateral Attack</u>

26          Defendant understands that Defendant has a limited right to appeal or

27 challenge Defendant's conviction and the sentence imposed by the Court.

28

PLEA AGREEMENT - 19

1   Defendant expressly waives all of Defendant's rights to appeal Defendant's
2   conviction.

3   Defendant expressly waives Defendant's right to appeal any sentence not
4   exceeding 17 years that the Court imposes.  If the Court imposes a sentence higher
5   than 17 years, Defendant's right to appeal is limited solely to an appeal of the
6   reasonableness of the sentence.

7   Defendant expressly waives Defendant's right to appeal any fine, term of
8   supervised release, or restitution order imposed by the Court.

9   Defendant expressly waives the right to file any post-conviction motion
10  attacking Defendant's conviction and sentence, including a motion pursuant to 28
11  U.S.C. § 2255, except one based on ineffective assistance of counsel arising from
12  information not now known by Defendant and which, in the exercise of due
13  diligence, Defendant could not know by the time the Court imposes sentence.

14  Nothing in this Plea Agreement shall preclude the United States from
15  opposing any post-conviction motion for a reduction of sentence or other attack
16  upon the conviction or sentence, including, but not limited to, writ of habeas
17  corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18      20.    Compassionate Release

19  In consideration for the benefits Defendant is receiving under the terms of
20  this Plea Agreement, Defendant expressly waives Defendant's right to bring any
21  motion for Compassionate Release other than a motion arising from one of the
22  specific bases set forth in this paragraph of this Plea Agreement.  The United States
23  retains the right to oppose, on any basis, any motion Defendant files for
24  Compassionate Release.

25  The only bases on which Defendant may file a motion for Compassionate
26  Release in the Eastern District of Washington are the following:
27  //
28  //

PLEA AGREEMENT - 20

a.    Medical Condition of Defendant

    i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

    ii.    Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b.    Age of Defendant

    i.    Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

    ii.    Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c.    Family Circumstances

    i.    The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only

available caregiver for Defendant's minor child or children; or

    ii.    Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

    d.    <u>Subsequent Reduction to Mandatory Sentence</u>

        i.    Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

        ii.    after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

        iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

    e.    <u>Ineffective Assistance of Counsel</u>

        i.    Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

            1.    did not know at the time of Defendant's guilty plea, and

            2.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

21.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

PLEA AGREEMENT - 22

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

22.   <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

PLEA AGREEMENT - 23

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          ___1/18/23_____
Ann T. Wick                                              Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          ___1-18-23_____
Dannie Paul Bowling III                                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____          ___1/18/2023_____
Lorinda Youngcourt                                     Date
Attorney for Defendant

PLEA AGREEMENT - 24